Richard R. Rardin, #5-2888
Cozen O'Connor
707 17th Street, Ste. 3100
Denver, CO 80202
Phone: 720-479-3900
Fax: 720-479-3890
rrardin@cozen.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, an Illinois company,<br><br>Plaintiff,<br><br>v.<br><br>RAPID FIRE PROTECTION, INC., a South Dakota corporation<br><br>Defendant. | Case No. 23-cv-00070<br><br>**COMPLAINT** |

Plaintiff American Guarantee & Liability Insurance Company, by and through its attorneys, Richard R. Rardin of Cozen O'Connor, complains as follows:

### **PARTIES, JURISDICTION AND VENUE**

1. At all times relevant, Plaintiff American Guarantee & Liability Insurance Company ("American") is and was a New York corporation authorized to transact the business of insurance in the State of Wyoming with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY, and its principle place of business at 1299 Zurich Way, Schaumberg, IL 60196.

2. At all times relevant, American provided a policy of insurance to Kinseth Hotel Corporation, which owned and operated the Springhill Suites Hotel located at 416 Fox Farm Road,

Cheyenne, Laramie County, Wyoming ("Springhill Suites"), insuring its business and property, including the Springhill Suites.

3. Upon information and belief, and at all times relevant, Defendant Rapid Fire Protection, Inc. ("Rapid Fire"), is and was a South Dakota corporation with its principle place of business located at 1530 Samco Road, Rapid City, South Dakota.

4. Upon information and belief, at all times relevant, Rapid Fire was in the business of designing, installing, inspecting and servicing automatic fire sprinkler systems, alarm systems and fire protection systems for the commercial building market, including in the City of Cheyenne and Laramie County, Wyoming.

5. This court has jurisdiction pursuant to 28 U.S.C. §1332, since diversity exists between Plaintiff and Defendant, and the amount in controversy is in excess of $75,000.

6. Venue in this jurisdiction is proper pursuant to 28 U.S.C. §1391 as it is where the acts giving rise to this lawsuit occurred.

## GENERAL ALLEGATIONS

7. In or around June 2020, Springhill Suites entered into a contract with Rapid Fire Protection to conduct annual and quarterly inspections of the fire sprinkler system, and annual inspections of the backflow devices and portable fire extinguishers at the Springhill Suites.

8. Rapid Fire performed an annual inspection of the fire sprinkler system at Springhill Suites on June 29, 2020, and quarterly inspections on September 29, 2020, and December 9, 2020.

9. The fire sprinkler system at Springhill Suites included a dry pipe system that was located in the attic. A dry pipe system was installed because the area cannot be maintained at or above 40 degrees. A dry pipe system has pressurized air in the system so it is designed to not have

any water/liquid in the system that could be exposed to freezing temperatures making it susceptible to freezing and damaging the system.

10. On or about January 13, 2021, at approximately 9:30 p.m., the fire alarm system at the Springhill Suites went into alarm and Cheyenne Fire Rescue was dispatched to the hotel. The hotel's staff and Cheyenne Fire and Rescue determined that the dry pipe sprinkler system had activated.

11. Rapid Fire was contacted for a service call and responded that same night of January 13, 2023. Rapid Fire determined that the dry pipe sprinkler system activated because the air compressor that maintains air pressure in the dry pipe system lost power. The Rapid Fire service technician employee re-set the dry pipe valve and alarm system and put the system back in operation.

12. When the dry pipe valve is tripped and the system is activated, the system piping fills with water which would need to be drained.

13. On January 27, 2021, the dry pipe system activated again and water was discovered to be leaking down from the attic into the rooms of the Springhill Suites.

14. The water from leaking from the dry pipe system came from four branch lines where fittings had failed as a result of water freezing within the piping, allowing water entering the system to leak down and into the hotel causing extensive damage.

15. As a result of the damage at the Springhill Suites, Kinseth Hotel Corporation made a claim to American pursuant to its policy of insurance with American. Also pursuant to the policy of insurance, American has paid out to and/or on behalf Kinseth Hotel Corporation $859,718.15. American is now equitably and contractually subrogated to the claims of Kinseth Hotel Corporation up to the amount it has paid, including its insured's $50,000 deductible interest.

## FIRST CLAIM FOR RELIEF
### (Negligence)

16. Plaintiff adopts and incorporates by reference all previous allegations as though fully set forth herein.

17. Defendant Rapid Fire owed Kinseth Hotel Corporation and Springhill Suites a duty of care commensurate with service and inspection of the life safety system that is the fire sprinkler system at Springhill Suites, to act reasonable without negligence and to ensure the fire sprinkler system would be in safe working order following its work on the system.

18. Defendant Rapid Fire owed Kinseth Hotel Corporation and Springhill Suites a duty of care to perform its work according to the standards in the industry, the codes adopted by the jurisdiction having authority, and National Fire Protection Association ("NFPA") 25.

19. Defendant Rapid Fire breached its duties, including but not limited, by:

a. Failing to properly inspect the dry pipe sprinkler system at the Springhill Suites during its annual inspection in June 29, 2020 by failing to perform a trip test as required by NFPA 25;

b. Failing to properly test and ensure the low air pressure supervisory switch on the dry pipe valve was operating correctly during its quarterly inspections in June and December 2020, during its service call on January 13, 2021, and/or failing to open the ball valve on the air line to the low air pressure switch;

c. Failing to properly drain the dry pipe system following its service call on January 13, 2021, when it knew or should have known that water was released into the dry pipe system.

20. As a direct and proximate cause of Defendant Rapid Fire's breaches, water was allowed to enter and remain in the dry pipe system where it was exposed to freezing temperatures, subsequently froze and caused multiple freeze failures in the piping of the dry pipe system. The

4

failure of the piping caused extensive property damage to the Springhill Suites and also resulted in lost business income for the hotel as it was unable to rent rooms that were damaged and impacted by the leaking water.

21. As a result of the damage at the Springhill Suites, Kinseth Hotel Corporation made a claim to American pursuant to its policy of insurance with American. Also pursuant to the policy of insurance, American has paid out to and/or on behalf Kinseth Hotel Corporation $859,718.15. American is now equitably and contractually subrogated to the claims of Kinseth Hotel Corporation up to the amount it has paid, including its insured's $50,000 deductible interest.

## SECOND CLAIM FOR RELIEF
**(Breach of Contract)**

22. Plaintiff adopts and incorporates by reference all previous allegations and claims as though fully set forth herein.

23. Kinseth Hotel Corporation and Springhill Suites contracted with Rapid Fire Protection to perform quarterly and annual inspections and to determine its dry pipe system was operational and safe to be put into operation following its January 13, 2021 service call.

24. Defendant Rapid Fire breached the contract by failing to properly drain the dry pipe system of water, failure to ensure the low air supervisory switch was operational and operating correctly, and otherwise ensuring the system was safe to be put into operation.

25. As a direct and proximate cause of Defendant Rapid Fire's breaches, Kinseth Hotel Corporation and Springhill Suites suffered damage to its hotel. Plaintiff American pursuant to its policy of insurance with Kinseth Hotel Corporation, has paid monies to and on behalf of its insured for damage to the Springhill Suites and for lost business income. Plaintiff American is now equitably and contractually subrogated to the claims of its insured against Rapid Fire up the amounts it has paid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For damages in an amount to be proven at trial;

2. For interest, costs and attorney fees allowable by law; and

3. For such other and further relief as this court deems just and proper.

## PLAINTIFF DEMANDS TRIAL BY JURY.

Dated this 20th day of April, 2023.

Respectfully submitted,

**COZEN O'CONNOR**

Richard R. Rardin, #5-2888
707 17th Street, Suite 3100
Denver, CO  80202
(720) 479-3900
(720) 479-3890 (fax)
rrardin@cozen.com

**Plaintiff's address:**
1299 Zurich Way
Schaumburg, Illinois 60196-1056