IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
5:04 pm, 8/29/23
U.S. Magistrate Judge

| | |
|---|---|
| AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, an Illinois company,<br><br>Plaintiff,<br><br>vs.<br><br>RAPID FIRE PROTECTION, INC., a South Dakota corporation,<br><br>Defendant. | Case No. 1:23-CV-00070-SWS |

## AMENDED INITIAL PRETRIAL ORDER

On August 24, 2023, the Honorable Stephanie A. Hambrick, United States Magistrate Judge for the District of Wyoming, held an initial pretrial conference in the above-entitled matter. Counsel participating were Richard Rardin for Plaintiff with Brian Molzahn and James Worthen appearing for Defendant. After hearing from the parties, the Court set forth the following trial schedule.

**JURISDICTION AND VENUE —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**CONSENT TO TRIAL BY MAGISTRATE JUDGE —**

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(a) and acknowledge that this case will proceed before the District Court Judge assigned hereto, and not before the Magistrate Judge. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

**CLAIMS AND DEFENSES —**

This case is before the Court on Plaintiff's allegations of negligence and breach of contract. Plaintiff provided an insurance policy to Kinseth Hotel Corporation, which owned and operated the Springhill Suites Hotel located in Cheyenne, Wyoming. Springhill Suites contracted with Defendant to conduct annual and quarterly inspections of the fire sprinkler system, and annual inspections of the backflow devices and portable fire extinguishers at the Springhill Suites. On or about January 13, 2021, at approximately 9:30 p.m., the fire alarm system at the Springhill Suites went into alarm and Cheyenne Fire Rescue was dispatched to the hotel. The hotel's staff and Cheyenne Fire and Rescue determined that the dry pipe sprinkler system had activated. Defendant was contacted for a service call and responded that same night of January 13, 2021. Defendant determined that the dry pipe sprinkler system activated because the air compressor that maintains air pressure in the dry pipe system lost power. Defendant's service technician employee reset the dry pipe valve and alarm system and put the system back in operation. On January 27, 2021, the dry pipe system activated again, and water was discovered to be leaking from the attic into the rooms of the Springhill Suites. The leaking water from the dry pipe system came from four branch lines where fittings had failed as a result of water freezing within the piping, allowing water to enter the system and leak into the hotel causing extensive damage. As a result of the damage at the Springhill Suites,

Kinseth Hotel Corporation made a claim to Plaintiff pursuant to its policy of insurance. Also pursuant to the policy of insurance, Plaintiff has paid out to and/or on behalf of Kinseth Hotel Corporation $859,718.15. Plaintiff claims it is equitably and contractually subrogated to the claims of Kinseth Hotel Corporation up to the amount it has paid, including its insured's $50,000 deductible interest.

Defendant generally denies Plaintiff's allegations and asserts the following affirmative defenses: 1) Plaintiffs' Complaint fails to state a claim upon which relief may be granted; 2) per the contract between the parties, Plaintiff's damages are limited to the contract price; 3) per the contract between the parties, Defendant is not liable for any special, indirect, incidental, consequential, or liquidated, penal or any economic damages of any character, including but not limited to loss of use, loss of profits or loss of production; 4) Plaintiff's claims and/or damages are barred or reduced by its insured's contributory negligence, pursuant to WY Stat. § 1-1-109; 5) Plaintiff's claims and/or damages are barred or reduced by misuse or alteration of the dry pipe system by its insured or other unknown parties over which Defendant had no control; 6) Plaintiff's claims and/or damages are barred or reduced by its insured's assumption of risk; 7) Plaintiff's claims may be barred by the statute of limitations; 8) Defendant met its standard of care for the work and services performed at the Springhill Suites; 9) Plaintiff's damages, if any, were not caused or proximately caused by the actions or inactions of Defendant; 10) Plaintiff's claims and/or damages are barred or reduced by its insured's breach of the underlying contract; 11) Plaintiff's claims and/or damages are barred or reduced by the doctrine of waiver and/or release; and 12) Defendant reserves the right to amend its Answer to include additional affirmative defenses or voluntarily withdraw affirmative defenses as discovery dictates.

**COMPLEXITY OF THE CASE —**

The undersigned Judge is of the opinion that this is a non-complex case. Parties believe the case is complex solely due to the number and type of experts necessary to explain the structure, standard of care, and engineering involved.

**RULE 26(F) SCHEDULING CONFERENCE —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**SELF-EXECUTING ROUTINE DISCOVERY —**

The parties have complied with the self-executing routine discovery exchanges as required by U.S.D.C.L.R. 26.1(b).

Pursuant to the January 24, 2014, General Order Regarding Discovery Motions, available at http://www.wyd.ucourts.gov/htmlpages/genorders.html, the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Hambrick's chambers prior to filing any written discovery motions.

THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1(c).

**PROPOSED ORDERS —**

All proposed orders regarding dispositive motions filed in this matter should be submitted to Judge Skavdahl's chambers in Word or WordPerfect format and emailed to *wyojudgesws@wyd.uscourts.gov*.

All proposed orders regarding non-dispositive motions should be submitted to Judge Hambrick's chambers in a Word or WordPerfect format and emailed to *YNP_DC@wyd.uscourts.gov*.

**AMENDMENT OF PLEADINGS — October 23, 2023**

Any motions to amend the pleadings or add additional parties shall be filed by October 23, 2023.

**EXPERT WITNESS DESIGNATION —**

**Plaintiff Designation Deadline — January 18, 2024**

**Defendant Designation Deadline — March 1, 2024**

In accordance with U.S.D.C.L.R. 26.1(e), Plaintiff shall designate expert witnesses and provide Defendant with a complete summary of the testimony of each expert by January 18, 2024. Defendant's experts shall be designated in accordance with U.S.D.C.L.R. 26.1(e) by March 1, 2024. These summaries SHALL include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980). This expert designation does not satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff may depose Defendant's experts after the discovery cutoff date but must complete the depositions **fourteen (14) days** PRIOR to the final pretrial conference.

THE PARTIES SHALL SERVE UPON ONE ANOTHER, AND FILE WITH THE COURT, THEIR WRITTEN EXPERT AND SUMMARY REPORTS PURSUANT TO FED. R. CIV. P. 26(a)(2)(B) and (C).

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witness will insist upon with respect to

the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(e).

### LISTING OF OTHER WITNESSES — April 2, 2024

The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before April 2, 2024. Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness. Copies of such witness lists <u>shall be filed</u> with the Court. Witnesses not listed will be prohibited from testifying, absent consent of the Court for good cause shown. Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

### DISCOVERY CUTOFF DATE — May 17, 2024

The discovery cutoff date is May 17, 2024. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Subject to the limitations set forth in Fed. R. Civ. P. 32, trial depositions may be taken up to **seven (7) days** prior to the trial date.

**DISPOSITIVE MOTIONS AND *DAUBERT* CHALLENGES**[1] —

    **Filing Deadline – May 17, 2024**

    **Response Deadline – May 31, 2024**

    **Reply Deadline – June 7, 2024  or  Dispositive Motion Hearing – July 18, 2024**

The deadline for the parties to file all dispositive motions and *Daubert* challenges together with briefs and materials in support thereof is May 17, 2024. The parties shall file responsive briefs and materials on or before May 31, 2024, with any reply due by June 7, 2024. If parties do not file a reply, the Court shall have a Dispositive Motions Hearing on July 18, 2024 at 8:15 a.m before the Honorable Scott W. Skavdahl. <u>The parties shall strictly comply with all provisions of U.S.D.C.L.R. 7.1</u> and notify chambers if the dispositive motion hearing should be vacated.

IF A DISPOSITIVE MOTION AND/OR *DAUBERT* CHALLENGE IS FILED EARLIER THAN THE ABOVE SCHEDULED DATE, THE RESPONDING PARTY MUST RESPOND IN ACCORDANCE WITH U.S.D.C.L.R. 7.1.

**STIPULATIONS AS TO FACTS — July 29, 2024**

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b). The parties shall then confer and file with the Court their stipulations as to the facts in <u>three (3) packets</u>: packet #1 shall be those facts to which both parties agree, packet #2 shall include the facts to which Plaintiff seeks to stipulate and Defendant does not,

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

and packet #3 shall include the facts to which Defendant seeks to stipulate and Plaintiff does not. The parties shall file these packets with the Court by July 29, 2024.

**MOTIONS IN LIMINE —**

    **Filing Deadline – July 1, 2024**

    **Response Deadline – July 8, 2024**

Motions in Limine or motions relating to the exclusion of evidence shall be filed no later than July 1, 2024. Responses shall be filed no later July 8, 2024. Unless otherwise determined, the Court will rule on any motions in limine at the final pretrial conference.

**FINAL PRETRIAL CONFERENCE — August 22, 2024, at 1:00 p.m.**

A final pretrial conference in this matter has been scheduled for 1:00 p.m. on August 22, 2024, at the Ewing T. Kerr Courthouse in Casper, Wyoming, before the Honorable Scott W. Skavdahl. Counsel for the parties shall appear in person.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL PRETRIAL ORDER PREPARED FOR JUDGE SKAVDAHL'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL FORMS. THIS FORM WILL TAKE THE PLACE OF A FINAL PRETRIAL MEMORANDUM. If you cannot locate the form, please contact Judge Skavdahl's chambers. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. <u>A copy of the proposed order must be delivered directly to Judge Skavdahl's chambers (but not filed) via e-mail</u> to *wyojudgesws@wyd.uscourts.gov* or by U.S. Mail at least **seven (7) days** before the final pretrial conference.

**WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST TEN (10) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE.** <u>Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order</u>. The parties are not required to list rebuttal witnesses or impeachment exhibits.

COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE. If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. EXHIBITS MUST BE PREPARED FOR THE FINAL PRETRIAL CONFERENCE AND FOR TRIAL IN ACCORDANCE WITH THE FOLLOWING INSTRUCTIONS:

***A. Marking of Exhibits***: All exhibits must be marked by the parties before trial. The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered with letters and the number of the case, e.g., Civil No._____, Plaintiff's Exhibit 1; Civil No. _____, Defendant's Exhibit A. In the event there are multiple parties, "plaintiff" or "defendant" and the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

***B. Elimination of Duplicate***. The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

*C. Copies for the Court*. Before trial, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

**EXHIBIT LISTS** — The parties' exhibit lists are to be prepared in the following format:

| EXHIBIT NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
| | | (e.g. *****.pdf) | | | | |
| | | (e.g. *****.jpeg) | | | | |
| | | | | | | |

* This column is for use by the trial judge at trial.

The following categories are to be used for objections to exhibits:

**Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

**Category B**. These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

**Category C**. These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance. <u>Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits. Any party establishing</u>

<u>foundation over objection may move for attorney fees and costs necessary to establish the foundation.</u>

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN **FIVE (5) BUSINESS DAYS** AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION. Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON THE EXHIBIT LISTS IS SUBJECT TO EXCLUSION AT TRIAL. THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

**JURY EVIDENCE RECORDING SYSTEM (JERS) —**

The Court is implementing a system for electronic submission of exhibits to the jury (or to the Court in the case of a bench trial). The jury evidence recording system (JERS) allows jurors to review evidence (documentary, photo, or video exhibits) on a large plasma screen during deliberations. Attorneys should provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of **seven (7) days** prior to the start of trial. For detailed instructions on how counsel should format and submit the electronic evidence to the Court, please refer to the Jury Evidence Recording System Information (JERS) section at https://www.wyd.uscourts.gov/attorneys.

All electronic evidence should be provided using the following formats:

- Documents and Photographs: .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, <u>individual files should not exceed 500MB</u>. If possible, exhibits approaching or exceeding this size limit should be separated into

multiple files. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

>Ewing T. Kerr Federal Building
>111 S. Wolcott Street, Room 121
>Casper, WY 82601
>(307) 232-2620

**WITNESS LISTS —**

The parties shall identify all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by video tape.

<u>In bench trials</u>, Witness Statements shall be provided for expert witnesses and witnesses whose testimony involves significant technical matters, but no significant issues of credibility. <u>Witness statements shall be prepared and used at trial in accordance with Judge Skavdahl's Procedure for Presentation of Direct Testimony by Witness Statement</u>, which is available on the Court's website under forms or by contacting Judge Skavdahl's chambers.

**JURY TRIAL — September 16, 2024, at 9:00 a.m.**

A jury trial is set before the Honorable Scott W. Skavdahl for 9:00 a.m. on September 16, 2024, in Casper, Wyoming, and is expected to last <u>five</u> days. This case is stacked #<u>1</u> on the Court's docket. U.S.D.C.L.R. 40.1(a).

The parties shall exchange and file <u>proposed voir dire questions</u>, <u>jury instructions</u> and <u>special verdict form</u> no later than **seven (7) days** prior to the commencement of trial, subject to the right of counsel to supplement such requests during the course of trial on matters that cannot be reasonably anticipated. THE PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS SHALL ALSO BE SUBMITTED DIRECTLY TO JUDGE SKAVDAHL'S CHAMBERS VIA E-MAIL TO *wyojudgesws@wyd.uscourts.gov*. The

instructions must be formatted as a single document for WordPerfect or Word and shall include citations to authority.

At the same time as the filing of the jury instructions, <u>the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted</u>. The parties should make every effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . ."

**SETTLEMENT POSSIBILITIES** —

The settlement possibilities of this case are considered by the undersigned Judge to be fair.

DATED this 29th day of August, 2023.

*/s/ Stephanie Hambrick*

Stephanie A. Hambrick
United States Magistrate Judge